

**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

**LEWIS S. BURKHART**
Assistant U.S. Attorney
Lewis.Burkhart@usdoj.gov
(503) 727-1000
*Reply to Portland Office*

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Scott E. Bradford
United States Attorney

July 28, 2026

Megha Desai
Federal Public Defender

Re:    *United States v. Katherine Vogel*, Case No. 3:26-cr-00042-SI
       Plea Agreement Letter

Dear Counsel:

1.    **Parties/Scope**:  This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority.  This agreement does not apply to any charges other than those specifically mentioned herein.

2.    **Charges**:  Defendant agrees to plead guilty to Count 1 of the Superseding Information, which charges Interfering with Federal Law Enforcement in violation of Title 18, United States Code, Section 111(a)(1).

3.    **Penalties**:  The maximum sentence for Count 1 is 1 year imprisonment, a fine of $100,000, and a $25 fee assessment.  Defendant agrees to pay the fee assessment on the day of sentencing or explain to the Court why this cannot be done.  Defendant further stipulates to the forfeiture of the assets as set forth below.  Defendant understands that if a mandatory minimum sentence is required, this may restrict the application of downward departures, adjustments, and variances in some cases.

Defendant understands that pleading guilty to the charge(s) in this plea agreement may have immigration consequences if defendant is not a United States citizen, including removal from the United States, denial citizenship, and denial of admission to the United States in the future. Furthermore, if any crime of conviction is an aggravated felony as defined in 8 U.S.C. § 1101(a)(43), such conviction makes it practically inevitable and a virtual certainty that the defendant will be removed or deported from the United States. Defendant acknowledges and agrees that defendant's attorney has explained this and that defendant still wants to plead guilty.

Revised Jan. 2026

Megha Desai
Re: Vogel Plea Agreement Letter
Page 2
July 28, 2026

4.      **Dismissal/No Prosecution**: The USAO will move at the time of sentencing to dismiss any remaining counts against defendant. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5.      **Elements and Factual Basis**: In order for defendant to be found guilty of Count One of the Superseding Information, the government must prove the following elements beyond a reasonable doubt:

    First, on or about September 30, 2025 in the District of Oregon;

    Second, the defendant forcibly interfere with Adult Victim 1;

    Third, Adult Victim 1 is federal officer under 18 U.S.C. § 1114, who was engaged in official duties.

    Defendant has fully discussed the facts of this case and any potential defenses with defense counsel. Defendant has committed each of the elements of the crime(s) to which defendant is pleading guilty and admits there is a factual basis for defendant's guilty plea(s). The following facts are true and undisputed:

    On September 30, 2025, the defendant attended a protest at the Immigration and Customs Enforcement building in Portland, Oregon. The defendant forcibly interfered with Adult Victim 1, a federal officer under 18 U.S.C. § 1114, who was engaged in official duties.

6.      **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7.      **Relevant Conduct**: The parties agree that defendant's relevant conduct for Count 1 pursuant to USSG § 2A2.4 is a Base Offense Level of 10, and there is a 3-level increase for physical contact with the officer.

8.      **No Zero Point Offender**: The parties agree defendant does not qualify for the two-level downward adjustment for certain zero-point offenders. USSG § 4C1.1(a)(3).

9.      **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in

Megha Desai
Re: Vogel Plea Agreement Letter
Page 3
July 28, 2026

this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than sixteen). The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

10.     **Joint Sentencing Recommendation**:  The USAO and the defendant will jointly recommend a sentence of credit for time served and one year of probation as long as defendant demonstrates an acceptance of responsibility as explained above and does not violate any terms of her pretrial release conditions.

11.     **Joint Stay Away Agreement**:  During the term of probation, defendant agrees to be prohibited from entering the area surrounding the Immigration and Customs Enforcement Building in Portland Oregon, unless given express written consent to go in the area by probation. Defendant is specifically prohibited from entering the area bounded by South Gaines Street to the North; South Boundary Street to the South; Southwest Terwilliger to the West; and the Willamette River to the East. Defendant may use I-5 to transit the exclusion area so long as defendant does not depart the freeway or stop within the exclusion area.

12.     **Additional Departures, Adjustments, or Variances**: The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement.  Defendant agrees not to seek any downward departures, adjustments, or variances to the advisory sentencing guideline range under the sentencing guidelines provisions, or under 18 U.S.C. § 3553, or to seek a sentence below that range, except as specified in this agreement.

13.     **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court.  Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal.  Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).  In the event that [any of] defendant's conviction(s) under this agreement are vacated, the government may reinstate and/or

Megha Desai
Re: Vogel Plea Agreement Letter
Page 4
July 28, 2026

file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

14.     **Court Not Bound**:  The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer.  Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

15.     **Full Disclosure/Reservation of Rights**:  The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case.  Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

16.     **Breach of Plea Agreement**:  If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

        If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing.  If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

17.     **Memorialization of Agreement**:  No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court.  If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

18.     **Deadline**:  This plea offer expires if not accepted by July 31, 2026 at 5:00 p.m.

                                    Sincerely,

                                    SCOTT E. BRADFORD
                                    United States Attorney

                                    /s/Lewis S. Burkhart
                                    LEWIS S. BURKHART
                                    Assistant United States Attorney

Revised Jan. 2026

Megha Desai
Re: Vogel Plea Agreement Letter
Page 5
June 10, 2026


I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.


7/7/26
Date

Katherine Vogel, Defendant


I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.


7/7/26
Date

Megha Desai, Attorney for Defendant