SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**LEWIS S. BURKHART, OSB #082781**
Assistant United States Attorney
Lewis.Burkhart@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

**UNITED STATES OF AMERICA**

**v.**

**KATHERINE VOGEL,**

**Defendant.**

**3:26-cr-00042-SI**

**GOVERNMENT'S SENTENCING MEMORANDUM**

The defendant was apprehended in the act of applying red paint to the ICE Building and further escalated the situation by resisting arrest. She ultimately accepted responsibility for her conduct and pled guilty to the charge of resisting arrest. In light of her accountability and lack of prior criminal history, the parties jointly recommend a sentence of time served followed by one year of probation.

/ / / /

/ / / /

## I. Facts

Beginning in June 2025, nightly protests occurred at the U.S. Immigration and Customs Enforcement (ICE) Building in Portland, Oregon, and frequently escalated into riots. PSR ¶14. In response, additional federal officers were deployed to protect the facility and its personnel.

On September 30, 2025, at approximately 9:20 p.m., the defendant joined a group of protestors blocking the driveway of the ICE Building. Federal officers exited the building to clear the area to allow ingress and egress. Video surveillance shows the defendant yelling at the officers (see photo with the defendant circled in red). After clearing the driveway, officers returned inside.



At around 9:40 p.m., several individuals poured red paint onto the grounds of the ICE Building. Although the defendant did not dump the paint, she remained with the group. Shortly thereafter, the defendant and others dipped their hands in the paint and placed red handprints on federal property. PSR ¶15. Screenshots capture the defendant placing a handprint, showing her paint-covered hand, and the resulting handprints.







At approximately 11:00 p.m., federal officers moved into the crowd to make targeted arrests of the individuals who attempted to damage federal property with paint. *Id.* Officers detained the defendant, took her to the ground during the arrest and escorted her onto federal property. *Id*. A third officer, AV1, observed the defendant holding a cellphone and removed it from her hand. The defendant responded by twice asking, "Who the f**k do you think you are?" in AV1's face, striking AV1 in the jaw, and pulling away. *Id.* The encounter was recorded by a law enforcement videographer. Exhibit 1.

The defendant was then taken into the sallyport area and captured by video surveillance. Exhibit 2. While being placed against the wall, she began to rub more red paint on the walls of the ICE Building. *Id.* Officers tried to subdue her to stop putting red paint on the walls and she resisted the officers' efforts to retrain her. *Id.*

AV1 reported believing the defendant struck him with a closed fist, but he did not sustain an injury. PSR ¶16. The defendant later denied participating in painting the building and stated she did not recall striking AV1. She described herself as "peaceful" and "not violent." PSR ¶17.

## II. Criminal History

The defendant does not have any prior criminal convictions. Therefore, she is a criminal history category I.

## III. Guidelines

| **Count 1: 18 U.S.C. § 111(a)(1) – Resisting Arrest** | | |
|---|---|---|
| USSG § 2A2.4(a) | Base Offense Level | 10 |
| USSG § 2A2.4(b)(1)(A) | Physical Contact | +3 |
| USSG § 3E1.1(a) | Acceptance of Responsibility | -2 |
| 18 U.S.C. § 3553(a) | | -1 |
| | **Adjusted Offense Level** | 10 |

The United States seeks a one-level reduction under 18 U.S.C. § 3553(a) for the defendant not litigating any motions and abiding by the terms of her pretrial release.

## IV. Government's Sentencing Recommendation

The defendant was apprehended literally red-handed, with red paint still on her hand. She then made an already serious situation significantly worse by fighting with and resisting federal officers. Although the defendant has no prior criminal convictions and initially went to the ICE Building to protest, as she had done before, there is no evidence she intended a more volatile confrontation with law enforcement. Nevertheless, that is exactly what occurred. It is unclear whether she acted impulsively when she began placing red handprints on the ICE Building, or whether being taken to the ground during the arrest or having her phone forcibly removed triggered her outlandish reaction. Regardless, she ultimately struck a federal officer in the face and resisted arrest. Government's Exhibit 2 contrasts the defendant's conduct with that of two other individuals who were arrested around the same time and complied with officers. Their vastly different experiences were directly driven by how arrested subject interacted with federal law enforcement.

The United States remained in contact with AV1 throughout the case. AV1 wanted the defendant to be charged and held accountable but was not seeking a term of imprisonment. AV1 was satisfied that the defendant accepted responsibility and relieved that a trial would not be necessary.

The most important supervision condition is that the defendant stay away from the ICE Building. Given her history and the facts of this case, her ability to remain law-abiding will depend heavily on avoiding the volatile demonstrations and riots frequently occurring at that location.

The advisory guideline range based on the proposed reductions is zero to six months imprisonment. While not bound by the Sentencing Guidelines, district courts must consult the guidelines and take them into account when sentencing. *United States v. Booker,* 543 U.S. 220, 125 S. Ct. 738, 767 (2005). The sentencing guidelines are advisory and one of the statutory factors this Court must consider when imposing a sentence. *See* 18 U.S.C. § 3553(a)(4); *United States v. Rita*, 551 U.S. 338, 347-48 (2007). The guideline serves as "the starting point and the initial benchmark" in every sentencing proceeding and "reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives." *Gall v. United States*, 552 U.S. 38, 49 (2007); *Rita*, 551 U.S. at 350. The guidelines serve as a "lodestone" at sentencing, and "cabin" or "anchor" a sentencing court's discretion. *Peugh v. United States*, 569 U.S. 530, 531 (2013). While advisory, the Supreme Court has observed that, "[c]ommon sense indicates that in general, this system will steer district courts to more within-guidelines sentences." *Id*.

A sentence of time served with one year of probation satisfies the requirement of 18 U.S.C. § 3553(a) as a "sentence sufficient, but not greater than necessary" to meet the purposes of § 3553(a)(2).

Dated: October 14, 2026

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

*/s/ Lewis S. Burkhart*______________
LEWIS S. BURKHART, OSB #082781
Assistant United States Attorney